UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SARAH STOVER | CIVIL ACTION NO. 23-821 |
| VERSUS | JUDGE DONALD E. WALTER |
| AIG PROPERTY CASUALTY COMPANY ET AL. | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a partial motion for summary judgment filed by Plaintiff Sarah Stover ("Stover"). See Record Document 48. In response, Defendants, Zachary Lowe and AIG Property Casualty Company ("Defendants"), filed an opposition, and Stover replied. See Record Documents 51 and 52. For the reasons stated below, Stover's motion for partial summary judgment (Record Document 48) is **GRANTED**.

## BACKGROUND

On April 28, 2022, Stover was driving her personal vehicle in a northwesterly direction on Hilry Huckaby III Avenue in Shreveport, Caddo Parish, Louisiana. See Record Document 48-3 at 2. At the same time, Zachary Lowe ("Lowe") maneuvered his vehicle into the rear of Stover's. See id. at 3. Stover filed a motion for partial summary judgment as to liability, and Defendants stipulated that Lowe was responsible for accident. See Record Documents 24 and 31. On June 19, 2024, this Court granted Stover's motion for partial summary only to the extent it sought a determination regarding liability. See Record Document 32.

The present motion relates to the alleged injury sustained to Stover's right wrist as a result of the accident. On November 7, 2023, Stover's deposition took place. See Record Document 48-4 at 1. During her deposition, Stover testified:

> When the impact happened, my palm [was] on the steering wheel, and my wrist and my arm locked to keep me from moving forward along with the seatbelt. Because the seatbelt pretty much caught my left side, but my right side kind of went forward, and that's how I stopped myself.

Id. at 13. Stover further testified that she never received medical treatment for any wrist or hand issues prior to April of 2022. See id. at 10. Additionally, in March of 2024, Stover saw an orthopedic traumatologist, Dr. Edward Mansour ("Dr. Mansour"). See Record Document 48-5 at 6. Dr. Mansour testified that during her first visit with him, Stover complained of pain in her right wrist, and he performed a physical examination. See id. Dr. Mansour testified that his predominant findings were related to both her wrist and her elbow. See id. Based on the issues concerning her lunate bone[1] and her arthritis, Dr. Mansour opined that "without question, there's a high likelihood that the wrist injury occurred from [the accident]" because those issues "were a direct relation from trauma." Id. at 10.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court

---

[1] "The lunate bone is positioned center of the wrist. It is one of the smaller carpal bones." Record Document 48-5 at 3.

of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

**B. Causation.**

Stover filed this motion for partial summary judgment as to causation. See Record Document 48-3 at 1. A plaintiff in a personal injury lawsuit "bears the burden of proving [by a preponderance of the evidence] a causal relationship between the injury sustained and the accident which caused the injury." Maranto v. Goodyear Tire & Rubber Co., 650 So. 2d 757, 759 (La. 1995) (internal citations omitted). To determine this causal relationship, a plaintiff must "prove[ ] through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident." Kliebert v. Breaud, 134 So. 3d 23, 28 (La. App. 5th Cir. 2014). "Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge." Id.

Stover testified that she never received medical treatment for any wrist or hand issues prior to the accident. See Record Document 48-4 at 10.  Stover further testified that during the impact, her palm was on the steering wheel and her wrist and arm locked to keep her from hitting the steering wheel. See id. at 12. Additionally, Dr. Mansour opined the injuries to her right wrist were "without question" more likely than not sustained by the trauma of the accident. See Record Document 48-5 at 10. Defendants do not dispute that Stover injured her right wrist in the accident. See Record Document 51 at 4. However, Defendants argue that there are genuine issues of material fact regarding whether the wrist injury was exacerbated by the length of time between the accident

and surgery and whether the type of surgery changed based on Stover's delay in having surgery. See id. In other words, Defendants concede causation but dispute the extent of damages. This Court makes no ruling regarding damages, and such issue is instead reserved for trial.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Stover's motion for partial summary judgment (Record Document 48) is **GRANTED** only to the extent that it seeks a determination regarding causation. This Court does not make a determination regarding damages at this time, and such issue is reserved for trial.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of January, 2025.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE