UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SARAH STOVER | CIVIL ACTION NO. 23-cv-821 |
| VERSUS | JUDGE DONALD E. WALTER |
| A I G PROPERTY CASUALTY CO ET AL | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

**Introduction**

Before the court is Plaintiff's Motion for Reconsideration. Doc. 61. The motion follows the entry of an order by the undersigned sanctioning Plaintiff for failure to comply with prior orders of the court. For the reasons that follow, the motion for reconsideration is denied.

**Background**

In this personal injury action, Plaintiff asserts claims for past and future lost wages and loss of earning capacity. In discovery, Defendants asked Plaintiff to produce her tax returns from 2017 to present. Plaintiff produced complete returns for the years 2017-2021 that were between 130 and 190 pages in length. But Plaintiff only produced 13 pages and four pages for the years 2022 and 2023 (post-accident earnings). When asked about the discrepancies, Plaintiff reported that she produced everything she had and would not provide further details.

Defendants moved to compel the additional documentation for 2022 and 2023. Doc. 34. Defendants' Certificate of Conference pursuant to Rule 37.1 outlined defense

counsels' efforts to obtain the complete returns. Doc. 34-1. Plaintiff filed a one-page opposition to the motion to compel which noted that, on the date of the filing of the opposition, Plaintiff supplemented her production to include W-2 forms for 2022 and 2023. Plaintiff argued that she prepared her returns using TurboTax and that she could obtain no further documentation from TurboTax. Plaintiff could have obtained her tax filings from the IRS, but she did not.

The undersigned granted the motion to compel and ordered Plaintiff to (1) produce full and complete tax returns for 2022 and 2023; or (2) provide an affidavit explaining in detail why she was unable to comply with the order. Doc. 41. Plaintiff did neither. Her watered-down affidavit failed to explain in detail why she could not comply with the court's order. She said only that she provided "full and complete tax returns" for the two years in question and that she did not have "access to" any other documentation. Without complete tax returns for the years in question, the undersigned found that Defendants were prejudiced from conducting a proper investigation into Plaintiff's past and future wage loss claims.

Defendants filed a Motion for Sanctions (Doc. 45) based on Plaintiff's non-compliance with the court's order. Again, Plaintiff filed only a one-page opposition. Doc. 47. In that opposition, Plaintiff offered to sign an authorization to allow Defendants to obtain "complete copies" of her returns from the IRS. However, Plaintiff never explained

why she could not get complete copies of her own returns from the IRS. Those IRS documents were in Plaintiffs' possession, custody, or control.[1]

The undersigned granted the motion and ordered that Plaintiff be sanctioned by excluding any evidence at trial in support of Plaintiff's claims for lost wages, future loss wages, and/or loss of earning capacity. Doc. 55. The court found that sanction was the least punitive order the court can issue under the circumstances to address Plaintiff's noncompliance and alleviate the prejudice to Defendants.

**Law and Analysis**

Plaintiff did not appeal the order imposing sanctions. Rule 72(a) requires that any appeal or objection to a magistrate's order be taken within 14 days of the order. Rule 72 also provides: "A party may not assign as error a defect in the order not timely objected to."

Instead of filing a proper appeal, Plaintiff filed the Motion for Reconsideration. Doc. 61. The motion presents nothing new except for two affidavits from Plaintiff's experts. Both affidavits use carefully worded phrases to water down the experts' views on whether they have reviewed *all* of Plaintiff's tax return documentation. For example, one affidavit states: "Affiant determined that Ms. Stover's tax records *appear* complete." Para. 11, Doc. 74-1 (Emphasis added). Further in that paragraph, the affiant wrote: "The records for the 2022 and 2023 tax years *are adequate* to determine her base earnings for these two years." (Emphasis added.)

---

[1] https://www.irs.gov/newsroom/taxpayers-can-request-a-copy-of-previous-tax-returns

The second affidavit (Doc. 74-2) states: "As such, Affiant determined that additional records beyond these *are not required* for a sufficient vocational determination." Para. 11 (Emphasis added.). It further states: "Affiant determined that there is nothing missing from the available records *that would prevent or restrict his ability to evaluate Ms. Stover's losses or gains.*" Para. 12. (Emphasis added.) These phrases stop short of saying that all of Plaintiff's tax records for 2022 and 2023 have been produced to Defendants. Rather than clearing up the confusion surrounding the completeness of the records for 2022 and 2023, these qualified phrases make it less clear than ever before.

**Conclusion**

The confusion regarding whether the 2022 and 2023 tax returns produced by Plaintiff constitute all of Plaintiff's tax records for those years lays directly at the feet of Plaintiff. In a simple, straightforward affidavit, Plaintiff could have put all this angst to rest. Or she could have requested complete records from the IRS. Instead, the court's time has now been wasted on three discovery motions.

Plaintiff's belated arguments change nothing. The **Motion for Reconsideration (Doc. 61)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of April, 2025.



Mark L. Hornsby
U.S. Magistrate Judge