UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SARAH STOVER | CIVIL ACTION NO. 23-821 |
| VERSUS | JUDGE DONALD E. WALTER |
| AIG PROPERTY CASUALTY COMPANY ET AL. | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM ORDER

Before the Court is a motion for partial summary judgment filed by Defendants, Zachary Lowe ("Lowe") and AIG Property Casualty Company (collectively "Defendants"). See Record Document 64. In response, Plaintiff Sarah Stover ("Stover") filed an opposition, and Defendants replied. See Record Documents 73 and 76. For the reasons stated below, Defendants' motion for partial summary judgment (Record Document 64) is **GRANTED**.

## BACKGROUND

On April 28, 2022, Stover was driving her personal vehicle in a northwesterly direction on Hilry Huckaby III Avenue in Shreveport, Caddo Parish, Louisiana. See Record Document 29 at 2. During this time, Lowe maneuvered his vehicle into the rear of Stover's vehicle. See id. On June 17, 2024, Stover filed a motion for partial summary judgment as to liability, and Defendants stipulated that Lowe was responsible for the accident. See Record Documents 24 and 31. On June 19, 2024, this Court granted Stover's motion for partial summary judgment only to the extent it sought a determination regarding liability. See Record Document 32. On December 5, 2024, Stover filed another motion for partial summary judgment as to causation, and Defendants did not dispute that Stover injured her right wrist in the accident. See Record Documents 48 and 51. On January 27, 2025, this Court granted Stover's motion for partial summary judgment only to the extent it

sought a determination regarding causation. See Record Document 53. Defendants have now filed a motion for partial summary judgment regarding Stover's claims for past and future lost wages and loss of earning capacity. See Record Document 64.

Stover alleges claims for past and future lost wages and loss of earning capacity. See Record Document 29 at 4. In discovery, Defendants asked Stover to produce her tax returns from 2017 to present. See Record Document 34-3 at 3. Stover produced complete returns for the years 2017-2021 that were between 130 and 190 pages in length; however, Stover only produced 13 pages and four pages for the years 2022 and 2023. See Record Document 34-4 at 2. After attempts to obtain the complete records, Defendants moved to compel the additional documentation for 2022 and 2023. See Record Document 34. Magistrate Judge Mark L. Hornsby granted the motion to compel and ordered Stover to (1) produce full and complete tax returns for 2022 and 2023; or (2) provide an affidavit explaining in detail why she was unable to comply with the order. See Record Document 41.

After Stover failed to do either, Defendants filed a motion for sanctions based on Stover's noncompliance with the Court's order. See Record Document 45. Magistrate Judge Hornsby granted the motion for sanctions and ordered that Stover be sanctioned by excluding any evidence at trial in support of her claims for lost wages, future lost wages, and/or loss of earning capacity.[1] See Record Document 55. Magistrate Judge Hornsby found that sanction was the least punitive order that could be issued under the circumstances to address Stover's noncompliance and alleviate the prejudice to Defendants. See id. As a result, Defendants filed the instant motion for partial summary judgment, arguing that Stover's claims for lost wages, future lost wages, and/or loss of

---

[1] Stover did not appeal the order imposing sanctions, but rather, filed a motion for reconsideration. See Record Document 61. On April 2, 2025, the Court denied the motion for reconsideration. See Record Document 85.

2

earning capacity should be dismissed as a matter of law because any and all evidence of wage loss or loss of earning capacity has been excluded pursuant to the Court's prior memorandum order (Record Document 55). See Record Document 64.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

**B. Past Lost Wages.**

To recover for past lost wages, "a plaintiff must prove positively that he would have been earning the wages but for the accident in question." Thibodaux v. DG Louisiana LLC, No. 17-01477, 2019 WL 13249470 at *4 (W.D. La. Jan. 28, 2019) (quoting Boyette v. United Servs. Auto. Ass'n., 783 So. 2d 1276, 1279 (La. 2001)). This Court has recognized that "[p]ast lost wages are

susceptible of mathematical calculation and require proof as reasonably establishes the claim." Thibodaux, 2019 WL 13249470, at *4. "[A] plaintiff cannot simply allege past lost wages without independent support of the claim." Saucier v. State Farm Mut. Auto. Ins. Co., No. 14-3157, 2016 WL 3977253, at *2 (W.D. La. July 20, 2016). The plaintiff bears the burden of proving that past lost wages resulted from the accident in question. See id. (citing ANMAC Found. Inc. v. St. Patrick Hosp. of Lake Charles, 594 So.2d 951, 956 (La. App. 3 Cir. 1992)).

In her response, Stover offered her deposition, an affidavit of her expert economist, Denis Boudreaux, and an affidavit of her expert economist life care planner/vocational rehabilitation specialist, Dr. T. Scott Smith, to support her claim of past lost wages. See Record Documents 73-1, 73-2, and 73-3. However, Stover has been sanctioned by an order excluding any evidence at trial in support of her claims for lost wages. See Record Document 55. Additionally, Magistrate Judge Hornsby further explained, in the memorandum order (Record Document 85) denying Stover's motion to reconsider (Record Document 61), that "the confusion regarding whether the 2022 and 2023 tax returns produced by [Stover] constitute all of [Stover's] tax records for those years lays directly at the feet of [Stover]." Record Document 85. Therefore, the evidence submitted by Stover is inadmissible. There are no genuine issues of material fact present, and Stover has not met her burden to recover for past lost wages.

**C. Future Lost Wages and Loss of Earning Capacity.**

In Louisiana, damages for loss of earning capacity may be awarded to a plaintiff on the theory "that the injury done [to] him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily." Folse v. Fakouri, 371 So. 2d 1120, 1124 (La. 1979). Awards for loss of earning capacity are inherently speculative and intrinsically insusceptible of being calculated with mathematical certainty. See Daigle v. U.S. Fid. & Guar. Ins.

4

Co., 655 So. 2d 431, 442 (La. App. 1 Cir. 5/5/95). Such damages are generally calculated on the person's ability to earn money rather than on what he actually earned before the injury. See Hobgood v. Aucoin, 574 So. 2d 344, 346 (La. 1990). To obtain an award for loss of earning capacity, "a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident." Aisole v. Dean, 574 So. 2d 1248, 1252 (La. 1991).

Here, Stover cannot offer any admissible evidence to support damages for future lost wages or loss of earning capacity. Again, the Court previously sanctioned Stover by excluding any evidence at trial in support of her claims for future lost wages and/or loss of earning capacity due to her failure to timely provide her full tax returns. See Record Document 55. As discussed above, the evidence attached to Stover's opposition is inadmissible. Therefore, no genuine issue of material fact exists, and Stover has not met her burden as to her claims for future lost wages or loss of earning capacity.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for partial summary judgment (Record Document 64) is **GRANTED**. Stover's claims for lost wages, future lost wages, and/or loss of earning capacity are **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of April, 2025.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE